UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JONATHAN H., <br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of <br> Social Security Administration, <br> Defendant. | C.A. No. 19-439-JJM-PAS |

## ORDER

Jonathan H. is a 35-year-old former kitchen helper and dishwasher, who suffers from the severe impairments of depressive disorder, anxiety disorder, and borderline intellectual functioning. ECF No. 7-2 at 15. The Commissioner of Social Security denied Jonathan's claim for Disability Insurance Benefits and Supplemental Security Income. *Id.* at 21. On appeal to this Court, Jonathan claims that the Administrative Law Judge ("ALJ") did not base her residual function capacity ("RFC") finding on substantial evidence because the ALJ misconstrued the objective neuropsychological test results of Francis Sparadeo, Ph.D. ECF No. 10 at 15. The Commissioner moves to affirm the ALJ's decision, asserting that substantial evidence supported the ALJ's RFC finding. ECF No. 13 at 6.

The ALJ relied heavily on the state agency consultants' opinions that Jonathan was not disabled. But Dr. Sparadeo conducted extensive neuropsychological testing on Jonathan more than three months after those consultations. His report sets forth detailed objective findings from the battery of tests. Dr. Sparadeo concluded that

Jonathan was severely compromised in a number of areas such as attention span, self-regulatory attention (concentration), processing speed, and sustained attention, that he was highly distractible, had impaired learning and reasoning ability, poor inductive reasoning and social judgment, significant depression and suspiciousness, and unusual sensory experiences. ECF No. 7-7 at 121. He also identified a possible schizoaffective disorder. *Id.* Dr. Sparadeo concluded that "within a reasonable degree of psychological and neuropsychological certainty, *this patient is unable to work due to the presence of severe depression, cognitive disorder (poor attention/concentration, poor memory, poor reasoning and poor learning) and learning disability.*" ECF No. 7-7 at 122 (emphasis added).

The ALJ rejected Dr. Sparadeo's opinion, concluding that the doctor "gives a very conclusory opinion that [Jonathan] cannot work . . . based on alleged anxiety/depressive symptoms, which the record does not support . . ." ECF No. 7-2 at 19. But this conclusion is superficial because she does not give proper weight to the objective testing Dr. Sparadeo administered and interpreted, particularly the objective findings on attention and concentration. The ALJ also does not credit Jonathan's own reports of attention/concentration deficits, despite the consistent objective findings of the neuropsychological test results.

The totality of the evidence, including Dr. Sparadeo's objective testing results and his consistent conclusion, fully support a finding that Jonathan is unable to work and entitled to Disability Insurance Benefits and Supplemental Security Income. Because substantial evidence does not support the Commissioner's findings and

conclusion, the Court GRANTS Jonathan H.'s Motion to Reverse (ECF No. 10) and DENIES the Commissioner's Motion to Affirm. ECF No. 13. The Commission is ordered to award benefits to the Petitioner.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

March 24, 2020